### SWIFT etc. ag^t SMITH

Obadiah Swift Thomas Bird & John Clarke or either of them being Sons in Law to the late Majo^r Humphry Atherton dec^d plaint^s ag^t Richard Smith of Wickford in the County of New-London Defend^t in an action of the case for his the s^d Smith's keeping possession of an Estate belonging to them & not paying theire respective dues according to promiss & engagement to them once & again as will [ 367 ] further appeare by a bill, bond or writing under his hand dat^d

the .10. Augs$^t$. 74 & the order of the Hono$^{rd}$ Court of Assistants at Hartford: May. 26. 74. to the great damage of the plaint$^s$ these with all due damages according to attachm$^t$ dat. March the .13. 1675/6. . . . The Jury . . . founde for the plaint$^s$ Eighty pounds Fifteen Shillings four pence halfe penny in mony; which is twenty Six pounds eighteen Shillings five pence halfe penny per share & costs of Court. m$^r$ Rich$^d$ Wharton being Surety for the Defend$^t$ & appearing to defend the case appealed from this judgem$^t$ to the next Court of Assistants & himselfe principall in £.160. & Jn$^o$ Wilkins & Nathanael Williams Sureties in Eighty pounds apeice acknowledged themselues respectiuely bound to . . . prosecute his appeale . . .

[ Although the appeal was withdrawn (Records of Court of Assistants, i. 69), the following Reasons (S. F. 1467) explain the nature of this interesting case on the conflict of the laws of two jurisdictions:

Richard Wharton Surety for M$^r$ Richard Smith his Reasons of Appeale from y$^e$ Iudgem$^t$ of y$^e$ County Court In Aprill last In an action Commenced by Obadiah Swift Thomas Byrd & Iohn Clarke

1$^t$ Because y$^e$ then p$^{lts}$ Sue as sons in law To Maj$^r$ Humphrey Atherton & by vertue of y$^t$ Relacion pretend a right To an Estate in y$^e$ possession of y$^e$ s$^d$ Smith But doe not declare whether they married Maj$^r$ Athertons daughter or Maj$^r$ Atherton married their mother To make them Sons In law But supposeing y$^e$ first w$^{ch}$ is y$^e$ most probable To give them interest yet y$^t$ was not proved To y$^e$ Iury or if i[t] had yet as Sons in law they cannot Sue exept in right of their wives whom they must prove Either heyres Ex$^{rs}$ Adm$^{rs}$ or assignes To Maj$^r$ Atherton if they will recover any Estate belonging To him but noe such plea or proofe was presented att y$^t$ Court

2$^d$ They insist vpon a promise & ingagem$^t$ & Referr To a Bill Bond or Writeing vnder hand dated y$^e$ 10th Aug$^t$ 1674 w$^{ch}$ writeing only Seems To suppose y$^t$ y$^e$ now Defend$^{ts}$ might or ought to have some right share or interest in some Money agreed on for y$^e$ purchase of Two Tracts of Land in y$^e$ Narragansett Countrey w$^{ch}$ parts or Shares M$^r$ Smith oblidges to pay according to y$^e$ Decision of y$^e$ Collony of Conecticott But it did not appeare to y$^e$ Court y$^t$ any lands y$^t$ belonged To Maj$^r$ Atherton were Sold But it being granted there we[re] It appeared not what Tracts nor for w$^t$ Summe of Money nor w$^t$ y$^e$ Defend$^{ts}$ parts or share[s] were therein And (as none is) Soe if all this had been proved y$^e$ Decission of y$^e$ Collony of Conecticott is referd To in y$^e$ obligacion according to w$^{ch}$ M$^r$ Smith promises payment Now M$^r$ Smith being an inhabitant of y$^t$ Collony y$^e$ Estate in Controversy being in y$^t$ Collony & his obligacion being To make paym$^t$ according To y$^e$ Decission of y$^t$ Collony It is humbly Supposed y$^t$ y$^e$ now Defend$^{ts}$ ought not to have brought any action ag$^t$ M$^r$ Smith in this Collony his person or Estate being alwayes in y$^t$ Collony To respond greater Demands but if it be pretended y$^e$ order from Conecticott referrs To y$^e$ distribucion of y$^e$ Court of y$^e$ Massachusetts It is answered y$^e$ order is directed To those in whose hands y$^e$ Estate shall bee found w$^{ch}$ y$^e$ Defend$^{ts}$ say is M$^r$ Smith Therefore by vertue of y$^t$ order

they should have made their Demand & if hee had been dissob$^t$ they might Iustly have Complained of his Contempt & have had Execucion for w$^t$ they could make out to bee their right But Supposeing y$^t$ M$^r$ Smith should bee lyable To bee Sued heer yet y$^t$ order referring To y$^e$ distribucion of this Collony & nothing like a distribucion of this Collony appeareing To y$^e$ Court onely a paper y$^t$ mencons 13 Shares but to whom these Shares are To bee divided is not mencioned nor is their any act of y$^e$ Authority of this Collony passed vpon s$^d$ paper & Supposeing To y$^e$ Children yet these persons being neither Children nor proveing themselves marryed to y$^e$ Children Can have noe legall pretence To any share or Interest to anthing Mentioned in said Paper

Lastly Because y$^e$ now defend$^{ts}$ not looking Vpon y$^e$ order of Conecticott as a Decission They by an order of theire owne Dated about ten weeks after y$^t$ of Conectic[ott] order & Depute M$^r$ Smith to detaine & keep in his hands there parts & shares till it is ordered by y$^e$ Court of Conecticott Since w$^{ch}$ order & deputacion from y$^e$ Defend$^{ts}$ To M$^r$ Smith noe order from Conecticott hath been Tenderd to him But on y$^e$ contrary certificate from y$^e$ Governor & two assistants of y$^t$ Collo[ny] y$^t$ they apprehend it Reasonable y$^t$ M$^r$ Smith Detaine w$^t$ money hee had in his han[ds] Till Maj$^r$ Athertons Children should agree or y$^e$ Court of Conecticott should order how y$^e$ money should bee distributed & y$^t$ a settlem$^t$ thereof would bee made vpo[n] y$^e$ Childrens applicacion To y$^e$ s$^d$ Court By all w$^{ch}$ it is humbly hoped y$^t$ to this hon$^r$d Court & Iury will appeare a multiplicacion of Errors att y$^e$ County Court the least of w$^{ch}$ may bee Sufficient to reverse y$^e$ former Iudgement.

Rich$^d$ [torn]

These Reasons were received August. 30° 1676

per Js$^a$ Addington Cler ]